IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GALDERMA LABORATORIES, L.P. and TCD ROYALTY SUB LP,<br><br>Plaintiffs,<br><br>v.<br><br>LUPIN INC. and LUPIN LIMITED,<br><br>Defendants. | ) | C.A. No. 21-1710 (SB)<br><br>**PUBLIC VERSION** |

**PROPOSED FINAL PRETRIAL ORDER**


MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
jtigan@morrisnichols.com

OF COUNSEL:

Gerald J. Flattmann, Jr.
Andrew J. Cochran
Margaret A. Barone
CAHILL GORDON & REINDEL LLP
32 Old Slip
New York, NY 10005
(212) 701-3000

*Attorneys for Plaintiffs Galderma Laboratories, L.P. and TCD Royalty Sub LP*

PHILLIPS, MCLAUGHLIN & HALL, P.A.
John C. Phillips, Jr. (#110)
Megan C. Haney (#5016)
1200 North Broom Street
Wilmington, DE 19806-4204
(302) 655-4200
jcp@pmhdelaw.com
mch@pmhdelaw.com

OF COUNSEL:

William A. Rakoczy
Joseph T. Jaros
Natasha L. White
Adrianne C. Rose
Katie A. Boda
RAKOCZY MOLINO MAZZOCHI SIWIK LLP
6 West Hubbard Street, Suite 500
Chicago, IL 60654
(312) 527-2157

*Attorneys for Defendants Lupin Inc. and Lupin Limited*



**Confidential Version Filed: October 27, 2023**
**Public Version Filed: November 3, 2023**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GALDERMA LABORATORIES, L.P. and TCD ROYALTY SUB LP,<br><br>Plaintiffs,<br><br>v.<br><br>LUPIN INC. and LUPIN LIMITED,<br><br>Defendants. | ) | C.A. No. 21-1710 (SB)<br><br>**CONFIDENTIAL – FILED UNDER SEAL** |

**PROPOSED FINAL PRETRIAL ORDER**

This matter comes before the Court at a final pretrial conference held pursuant to Rule 16 of the Federal Rules of Civil Procedure.

**Plaintiffs' Counsel:** Gerald J. Flattmann, Jr. (gflattmann@cahill.com), Andrew J. Cochran (acochran@cahill.com), Margaret A. Barone (mbarone@cahill.com) of Cahill, Gordon & Reindel LLP, 32 Old Slip, New York, NY 10005, 212-701-3000; and Jack B. Blumenfeld (jblumenfeld@mnat.com) and Jeremy A. Tigan (jtigan@mnat.com) of Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, P.O. Box 1347, Wilmington, DE 19899, 302-658-9200.

**Defendants' Counsel:** William A. Rakoczy (wrakoczy@rmmslegal.com), Joseph T. Jaros (jjaros@rmmslegal.com), Natasha L. White (nwhite@rmmslegal.com); Katie A. Boda (kboda@rmmslegal.com), Adrianne C. Rose (arose@rmmslegal.com) of Rakoczy Molino Mazzochi Siwik LLP 6 W. Hubbard St., Suite 500, Chicago, IL 60654; and John C. Phillips, Jr. (jcp@pmhdelaw.com) and Megan C. Haney (mch@pmhdelaw.com) of Phillips, Mclaughlin & Hall, P.A. 1200 N. Broom Street, Wilmington, DE 19806.

## I. <u>Nature of the Case</u>

1. This is an action for patent infringement brought pursuant to the Hatch-Waxman Act, codified as amended at 21 U.S.C. § 355 and 35 U.S.C. § 271(e), concerning the drug Oracea® Capsules, approved by the U.S. Food and Drug Administration for the treatment of inflammatory lesions (papules and pustules) of rosacea in adult patients.

## II. <u>Jurisdiction</u>

2. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 271, *et seq*.

3. The jurisdiction of the Court is not disputed and is based on 28 U.S.C. §§ 1331 and 1338(a).

## III. <u>Facts</u>

### A. <u>Uncontested Facts</u>

4. The parties' statement of uncontested facts is set forth in **<u>Exhibit 1</u>**.

5. These uncontested facts require no proof at trial and are part of the evidentiary record in the case.

### B. <u>Contested Facts</u>

6. Plaintiffs' statement of issues of fact that they contend remain to be litigated, including Plaintiffs' intended proofs, is attached as **<u>Exhibit 2</u>**.

7. Defendants' statement of issues of fact that they contend remain to be litigated, including Defendants' intended proofs, is attached as **<u>Exhibit 3</u>**.

8. Should the Court determine that any issue identified in a party's statement of contested issues of fact that it contends remain to be litigated is more properly considered an issue of law, it should be so considered.

## IV. Issues of Law

9. Plaintiffs' statement of issues of law that they contend remain to be litigated, including Plaintiffs' intended proofs, is attached as **Exhibit 4**.

10. Defendants' statement of issues of law that they contend remain to be litigated, including Defendants' intended proofs, is attached as **Exhibit 5**.

11. Should the Court determine that any issue identified in a party's statement of issues of law that it contends remain to be litigated is more properly considered an issue of fact, it should be so considered.

## V. Witnesses

12. The parties' witnesses who will testify in person and by deposition are set forth in the paragraphs below and exhibits cited herein. Any witness not listed will be precluded from testifying, absent good cause shown.

13. The parties reserve the right to call additional witnesses to provide foundation testimony should any party contest the authenticity or admissibility of any material proffered at trial.

14. The order of presentation will follow the burden of proof: First, Plaintiffs will present their case-in-chief on infringement. Then, Defendants will present their response on infringement. Then, Plaintiffs will present their rebuttal on infringement, if any. To the extent the schedules of the witnesses necessitate presenting testimony out of order, the party sponsoring the witness will advise the opposing party promptly after they discover the issue, and the parties will make a good faith effort to accommodate such needs.

15. Unless otherwise agreed between the parties, the parties will identify the witnesses they expect to call live for direct examination, and the order in which they expect to call said witnesses, by 7:00 p.m. two calendar days before the direct examination is expected to take place.

16. Regardless of burden of proof, the parties agree to identify by e-mail to opposing counsel a good faith belief of the order of all witnesses who will testify live by 12:00 pm ET seven (7) calendar days before the first day of trial. For example, a listing of all witnesses for trial starting Tuesday, January 9, 2024 would be exchanged by email by 12:00 pm ET on Tuesday, January 2, 2024. For clarity, the requirement of this paragraph does not apply to witnesses who will testify by deposition only.

## A. List of Witnesses the Plaintiffs Expect to Call

### 1. Expert witnesses

17. Plaintiffs' list of the expert witnesses they intend to call or may call at trial is set forth in **Exhibit 6**.

18. Plaintiffs will ask the Court to recognize Edward M. Rudnic, Ph.D as an expert in the invention, design, development, testing, manufacture, and commercialization of drug products, including pharmaceutical formulation.

19. Defendants' objections to Plaintiffs list of expert witnesses they intend to call or may call at trial are set forth in **Exhibit 7.**

### 2. Non-expert witnesses

20. Plaintiffs' list of the non-expert witnesses they intend to call or may call at trial is set forth in **Exhibit 6.**

21. Defendants' objections to Plaintiffs list of non-expert witnesses they intend to call or may call at trial are set forth in **Exhibit 7.**

**B. List of Witnesses the Defendant Expects to Call**

**1. Expert witnesses**

22. Defendants' list of the expert witnesses they intend to call or may call at trial is set forth in **Exhibit 8.**

23. Defendants will ask the Court to recognize Dr. Graham Buckton as an expert in pharmaceutical compositions, including pharmacokinetic principles related to drug product development and use.

24. Defendants will ask the Court to recognize Ms. Vivian Gray as an expert in dissolution testing of pharmaceutical compositions.

25. Plaintiffs' objections to Defendants' list of expert witnesses they intend to call or may call at trial are appended to **Exhibit 8**.

**2. Non-expert witnesses**

26. Defendants' list of the non-expert witnesses they intend to call or may call at trial is set forth in **Exhibit 8.**

27. Plaintiffs' objections to Defendants' list of non-expert witnesses they intend to call or may call at trial are appended to **Exhibit 8**.

**C. List of Witnesses Third Parties Expect to Call**

28. No witnesses will be called by third parties.

**D. Testimony by Deposition**

29. Plaintiffs' deposition designations, Defendants' objections and counter-designations to the offered testimony, and Plaintiffs' objections to Defendants' counter-designations and Plaintiffs' completeness designations are set forth in **Exhibit 10**.

30. Defendants' deposition designations, Plaintiffs' objections and counter-designations to the offered testimony, and Defendants' objections to Plaintiffs' counter-designations and Defendants' completeness designations are set forth in **Exhibit 11**.

31. This pretrial order contains the maximum universe of deposition designations, counter-designations, and objections to the admission of deposition testimony; none of the foregoing shall be supplemented without approval of all parties or leave of the Court, or good cause shown.

32. To the extent testimony is to be entered by deposition, the designating party shall identify its final affirmative designations by 6:00 p.m. ET four calendar nights before the deposition is to be entered at trial. The opposing party shall provide the designating party with any objections or counter-designations to the affirmative designations by 6:00 p.m. ET the day following receipt of the designating party's affirmative designations. To the extent necessary, the designating party will provide the opposing party with any objections to the opposing party's counter-designations by 6:00 p.m. ET the day following receipt of the designating party's counter-designations.

33. The parties will that same day meet-and-confer at 9:00 p.m. ET (two days before the designations are to be played) to resolve such objections. Any issues that remain will be raised orally with the Court before the designations are played (issues with designations to be played the first day of trial will be raised that morning; all other designation objections will be raised the day prior to being offered); unless the Court requests otherwise, there will be no written submissions to the Court. The parties reserve the right to further reduce deposition designations prior to playing the designations in Court, and shall promptly notify the other side of any such changes.

34. By 7:00 p.m. one day before the direct examination is expected to take place the designating party will provide a copy of the clip report containing all designated and counter-designated testimony for review.

35. All irrelevant and redundant material, including colloquy between counsel and objections, will be eliminated when the deposition is read or viewed at trial.

36. When the witness is called to testify by deposition at trial, the party calling the witness shall provide the Court with two copies of the transcript of the designations and counter-designations that will be read or played. The parties will be charged for all time that elapses from the time the witness is called until the next witness is called, according to the proportions to be provided by the parties.

37. A party may rely on any of the opposing party's deposition designations as counter-designations or completeness designations. In addition, for convenience and sake of brevity, the parties have listed counter-designations in response to specific affirmative designations by their opposing parties. To the extent an opposing party withdraws any affirmatively designated testimony or seeks to limit the manner of presentation of testimony through the designation process, a party may present its counter-designation testimony or completeness designation testimony in response to other specified affirmative testimony by the opposing party ("re-designated counter-designation"), or re-designate its counter-designation testimony or completeness designation testimony affirmatively ("re-designated affirmative designation"). The parties reserve the right to object to all such testimony insofar as permitted by the Federal Rules of Evidence and the Federal Rules of Civil Procedure. For re-designated counter-designations, the opposing party may use any affirmatively designated testimony or completeness designation as a reply-designation to the re-designated counter-designation testimony. For re-designated

affirmative designations, the opposing party may use any affirmatively designated testimony or completeness designation as a counter designation.

38. For the depositions that have been videotaped, a party may introduce deposition excerpts into evidence by videotape or by reading the transcript in the courtroom. Any counter-designations of the same witness's testimony must be submitted in the same format. If a party opts to introduce designations by videotape, the party desiring to introduce the deposition by videotape will be responsible for the creation of the spliced clips, including counter-designations of the countering party. When deposition designations are introduced, all admissible counter-designations, whether by transcript or videotape, will be introduced simultaneously in the sequence in which the testimony was originally given. All deposition designations to be introduced into evidence must be read or played (unless otherwise agreed to by the parties and/or requested by the Court).

39. No deposition testimony may be presented for any witness testifying live, except for purposes of impeachment.

**E. Impeachment with Prior Inconsistent Testimony**

40. The parties may raise appropriate objections to the use of deposition and other prior testimony for impeachment purposes, including objections based on lack of completeness and/or lack of inconsistency.

**VI. Exhibits**

**A. Exhibit Lists**

41. Plaintiffs' list of exhibits that they intend to offer at trial, except demonstrative exhibits and exhibits to be used solely for cross-examination, and Defendants' objections to Plaintiffs' exhibits, are attached as **Exhibit 12**.

42. Defendants' list of exhibits that they intend to offer at trial, except demonstrative exhibits and exhibits to be used solely for cross-examination, and Plaintiffs' objections to Defendants' exhibits, are attached as **Exhibit 13**.

43. Plaintiffs' trial exhibits will be identified with PTX numbers. Defendants' trial exhibits will be identified with DTX numbers.

44. Any party may use an exhibit that is listed on the other party's exhibit list, to the same effect as though it were on its own exhibit list, subject to all evidentiary objections. Any exhibit, once admitted at trial, may be used equally by any party, subject to the Federal Rules of Evidence. The listing of a document on a party's list is not an admission that such document is relevant or admissible when offered by the opposing party for the purpose that the opposing party wishes to admit the document.

45. The parties agree to disclose any supplemental exhibits promptly after identification. Reasonable supplementation of the exhibit list will be permitted until January 2, 2024 at 6:00 p.m. ET and all supplemental exhibits must be received by that time, after which further supplementation of the exhibit list shall only be permitted with good cause shown. Objections to the supplemental exhibits shall be due no later than January 5, 2024 at 6:00 p.m.

46. No exhibit will be admitted unless offered into evidence through a witness, who must at least be shown the exhibit. At some point before the completion of the witness' testimony, any party that has used an exhibit with the witness and wishes that exhibit to be admitted into evidence must formally move the exhibit into evidence, by exhibit number. The parties shall reasonably cooperate to ensure exhibits discussed by a witness are appropriately entered into evidence, assuming that all objections to the use of the exhibit were resolved by the parties prior to the witness taking the stand.

47. A party will identify (by witness) the trial exhibits intended to be used in connection with direct examination by 7:00 p.m. two calendar nights before their intended use, and will provide any supplemental exhibits by 7:00 p.m. the night before their intended use. Objections will be provided no later than 9:00 p.m. the night before their intended use. The parties shall meet and confer by 10:00 p.m. the night before their intended use to resolve any objections. If good faith efforts to resolve the objections fail, the party objecting to the exhibits shall bring its objections to the Court's attention prior to the witness being called to the witness stand. Failure to comply with these procedures, absent an agreement by the parties and approval by the Court, will result in waiver of the use of an exhibit or waiver of objection to the exhibit.

48. Exhibits not objected to will be received into evidence by the operation of the Final Pretrial Order without the need for additional foundation testimony, provided they are shown to a witness.

49. On or before the first day of trial, counsel will deliver to the Courtroom Deputy a completed AO Form 187 exhibit list for each party.

50. Legible photocopies of U.S. Patent Nos. 7,749,532 and 8,206,740; and their respective file histories and assignment documents are admissible into evidence, in lieu of certified copies thereof.

51. Legible photocopies of United States patents and the contents of United States Patent and Trademark Office file histories and assignment documents may be offered and received in evidence in lieu of certified copies thereof, subject to all other objections which might be made to the admissibility of such certified copies.

52. Legible photocopies of documents may be offered and received into evidence in lieu of originals thereof, subject to all foundational requirements and other objections that might be made as to the admissibility of such originals.

53. A duplicate of any document, photograph or video may be marked for identification, and, if otherwise admissible, offered and received into evidence with the same force and effect as the original, subject to any and all objections as could be made to the original.

54. Any trial exhibit that is a document produced by a party or a subpoenaed third party in discovery in this action that on its face appears to have been obtained from the files of a party (or a party's predecessor-in-interest with respect to the patents or products at issue in this case, *e.g.*, CollaGenex Pharmaceuticals, Inc., Shire Laboratories, Inc., Supernus Pharmaceuticals, Inc., or Ranbaxy Laboratories Limited), or appears to be an e-mail that was sent to or received by an employee, officer, or agent of a party, shall be deemed *prima facie* to be authentic, subject to the right of the party against whom such a document is offered to adduce evidence to the contrary.

55. Any document that (a) was previously produced by a party or a subpoenaed third party in discovery in this action, or marked as an exhibit at a deposition; and (b) is contained or incorporated in a trial or demonstrative exhibit shall be deemed *prima facie* to be authentic, subject to the right of the party against whom such a document is offered to adduce evidence to the contrary.

56. Any party that intends to offer evidence to rebut *prima facie* authenticity of any trial exhibit must specifically identify its objection to authenticity to the opposing party no later than December 20, 2023.

**B. Demonstrative Exhibits**

57. The parties agree that the demonstrative exhibits the parties intend to use at trial do not need to be included on their respective lists of trial exhibits. Plaintiffs' demonstrative exhibits will be identified with PDX numbers. Defendants' demonstrative exhibits will be identified with DDX numbers.

58. The parties will exchange demonstrative exhibits to be used in opening statements by 12:00 p.m. on the day before opening statements. The parties will provide any objections to such demonstrative exhibits by 4:00 p.m. on the same day. The parties will thereafter meet and confer by 6:00 p.m. on the same day to resolve the objections. If any of the demonstrative exhibits to be used in opening statements change after the deadline, the party intending to use the demonstrative will promptly notify the opposing party of the change(s).

59. A party will provide demonstrative exhibits to be used in connection with direct examination by 7:00 p.m. the night before their intended used, and objections will be provided no later than 9:00 p.m. the night before their intended use. The parties will meet and confer regarding any objections to the demonstrative exhibits to be used in connection with direct examination by 10:00 p.m. on the night before their intended use. If any of the demonstrative exhibits change after the deadline, the party intending to use the demonstrative will promptly notify the opposing party of the change(s).

60. The party seeking to use a demonstrative will provide a color representation of the demonstrative to the other side in PDF form. For video or animations, however, the party seeking to use the demonstrative will provide it to the other side in a video file, unless the video or animation is embedded within a PowerPoint presentation, in which case the party seeking to use the demonstrative will provide the specific slide(s) of the presentation in native PowerPoint format

containing such video or animation to the other side on a DVD or CD or via a file transfer link. For irregularly-sized physical exhibits, the party seeking to use the demonstrative exhibit will provide a color representation as a PDF of 8.5 x 11 copies of the exhibits. The party seeking to use a physical demonstrative will make the demonstrative available for inspection by 6:00 pm the day prior to its being used.

61. This provision does not apply to demonstrative exhibits created during testimony or demonstrative exhibits to be used for cross-examination, neither of which need to be provided to the other side in advance of their use. In addition, the notice provisions of this section shall not apply to the enlargement, highlighting, ballooning, call-outs, underlining, or excerption of trial exhibits or deposition testimony unless used in opening statements. For avoidance of doubt, enlargement, highlighting, ballooning, call-outs, underlining, or excerption of trial exhibits or deposition testimony that is prepared on slides used in opening statements in advance must be included in demonstrative disclosures.

62. If good faith efforts to resolve objections to demonstrative exhibits fail, the objecting party shall bring its objections to the Court's attention prior to the opening statements or prior to the applicable witness being called to the witness stand. Failure to comply with these procedures, absent an agreement by the parties and approval by the Court, will result in waiver of the use of an exhibit or waiver of objection to the exhibit.

## VII. Damages

63. This case does not involve any claims for damages.

## VIII. Motions *in Limine*

64. Defendants Lupin Inc. and Lupin Limited's Motion *In Limine* to Exclude Irrelevant Dissolution Results and associated briefing is attached as **Exhibit 14**.

65. Defendants Lupin Inc. and Lupin Limited's Motion *In Limine* to Exclude Additional Supplemental Opinions Regarding Lupin's June 2023 Samples and associated briefing is attached as **Exhibit 15.**

**IX. Discovery**

66. Discovery has been completed in this matter.

**X. Number of Jurors**

67. This is a non-jury trial.

**XI. Non-Jury Trial**

68. The parties desire a detailed opinion from the Court post-trial.

69. Opening post-trial briefing may comprise no more than [**Plaintiffs' position**: thirty-five (35) pages; **Defendants' position:** twenty-five (25) pages] in length and be filed no later than [**Plaintiffs' position**: February 15, 2023; **Defendants' position:** February 2, 2024 ]. Responsive post-trial briefing may comprise no more than [**Plaintiffs' position**: twenty-five (25) pages; **Defendants' position:** fifteen (15) pages] in length and be filed no later than [**Plaintiffs' position**: March 15, 2023; **Defendants' position:** February 16, 2024]. The parties' opening post-trial briefing may address any issue properly presented at trial, regardless of burden of proof.

70. Along with their initial briefs, each party shall provide proposed Findings of Fact, separately stated in numbered paragraphs, constituting a detailed listing of the relevant material facts the party believes it has proven, in a simple narrative form, along with citations to the record. The proposed Findings of Fact shall be limited to a maximum of [**Plaintiffs' position**: fifty (50) pages; **Defendants' position:** forty (40) pages]. No separate Conclusions of Law shall be filed.

## XII. Length of Trial

71. The trial will be timed. Unless otherwise ordered, time will be charged to a party for its opening statement, direct and redirect examinations of witnesses it calls (including by designation), cross-examination of witnesses, closing argument, and all sides' argument on objections a party raises to another party's exhibits and demonstrative exhibits.

72. Considering the Court's procedures for counting time, and considering the nature and extent of the parties' disputes, the parties request 10 hours each (4 trial days) for their respective trial presentations. [**Plaintiffs' Position**] Just days ago Plaintiffs learned that Lupin may contest the facts that Plaintiff TCD is the current owner of the '532 and '740 patents and that Plaintiff Galderma is the exclusive licensee of those patents despite the fact that Lupin had not once contested nor mentioned that it may contest such facts throughout the entirety of this litigation until now. On October 26, 2023, Plaintiffs' counsel sought a confirmation from Lupin's counsel whether Lupin would in fact challenge those facts and require Plaintiffs to present evidence at trial proving those facts, but Lupin's counsel refused to confirm. Instead, Lupin's counsel requested identification of the evidence Plaintiffs would rely on at trial to prove those facts. Notably, Judge Stark found that Plaintiff TCD was the owner of the '532 and '740 patents in *Galderma Labs.,* v. *Amneal Pharms.*, 337 F.Supp.3d 371, 382-83 (D. Del. 2018), and Lupin admitted that Plaintiff TCD is the owner in its Answer to Plaintiffs' Complaint (D.I. 10 at ¶ 25). Further, it is undisputed that Plaintiff Galderma holds NDA No. 50-805 on Oracea® Capsules, which is another fact admitted by Lupin in its Answer (D.I. 10 at ¶ 18). Nor is it meaningfully disputed that Oracea® Capsules is the commercial embodiment of the '532 and '740 patents. That Lupin now apparently contests these facts at the midnight hour after nearly two years of litigation. Should Lupin continue to contest these facts and require Plaintiffs to prove those facts at trial, Plaintiffs request additional

trial time sufficient to call the appropriate witnesses and present the appropriate evidence. **[Lupin's Position]** Plaintiffs raised the ownership and standing issue on October 26th. Lupin requested Plaintiffs' intended proof of same. Plaintiffs supplemented their trial exhibit list on October 27th with their evidence. Lupin agreed to review Plaintiffs' proof and likely agree to not contest before the Pretrial Conference.

73. Plaintiffs are working to identify a reasonably narrowed set of asserted claims, and will do so by no later than the November 15, 2023 Pretrial Conference (D.I. 114) in this case.

## XIII. Motions for Judgment as a Matter of Law

74. The parties may follow the following procedure: The parties reserve the right to move for judgment on partial findings pursuant to Fed. R. Civ. P. 52(c). The parties agree that either party making a motion pursuant to Fed. R. Civ. P. 52(c) will advise the Court of its motion promptly and in accordance with that rule. If the Court requests more extensive argument on the motion, such argument will be taken up at the Court's first convenience. The parties will only supplement the motion in writing upon request by the Court. Pursuant to Fed. R. Civ. P. 52(c), the Court may decline to render any judgment until the close of evidence.

## XIV. Amendments of the Pleadings

75. Neither Plaintiffs nor Defendants request any further amendments to the pleadings. For purposes of a complete record and preserving all appeal rights, Lupin maintains the positions set forth in its motion for leave to amend to add the contingent invalidity defense of indefiniteness.

## XV. Additional Matters

76. Plaintiffs' Motion to Strike Certain Portions and Exhibits from the Rebuttal Expert Reports of Graham Buckton, Ph.D. and Vivian Gray Pursuant to Fed. R. Civ. P. 16(f) and 37(c)(1) (*see* D.I. 125, 126, 127 (expert reports), 130, 133, and 134 (joint letter seeking teleconference))

and Plaintiffs' Motion to Strike Portions of the Rebuttal Expert Reports of Graham Buckton, Ph.D. and Vivian Gray that include opinions on the purported invalidity of the patents-in-suit *see* D.I. 123, 124, 127 (expert reports), 129, 132, 134 (joint letter seeking teleconference)) were denied on October 11, 2023 (D.I. 152). For purposes of a complete record and preserving all appeal rights, Plaintiffs maintain their objections set forth in those Motions to Strike.

77. Plaintiffs object to Lupin's "proffer" of any invalidity defenses. "[T]his is an infringement case, not an invalidity case." D.I. 152.

78. Defendants Lupin Inc. and Lupin Limited's Daubert Motion to Preclude Dr. Rudnic's Theory of Lupin's Composition Ratio Based on Day 1 Plasma Concentrations is pending. D.I. 115. Plaintiffs' filed their response on October 27, 2023. D.I. ___. Defendants' reply is due November 3, 2023.

79. The parties respectfully request the Court's advice, instructions, preferences for trial. The parties understand that trial will be conducted in Courtroom 13B, which is "audio only." The parties jointly request permission to set up the courtroom with electronic equipment comparable to a typical Delaware courtroom—*i.e.*, individual monitors, a large screen for presentation, *etc*. If permissible, the parties will jointly retain a vendor to evaluate the courtroom in advance and set up the equipment on Monday, January 8, 2024 (the day before trial begins on January 9th).

80. In addition, the parties would appreciate the Court's preferences on trial presentations, including, for example, number of copies for the Court; length of opening statements; presentation of deposition designations (*e.g.*, by video); and whether closing arguments will be presented at the close of trial or after post-trial briefing.

81. The Court has entered a Protective Order (D.I. 15) to safeguard the confidentiality of certain of the parties' business and technical information, as well as that of third parties. Nonetheless, the presentation of evidence at trial shall take place in open court, unless a party specifically requests, and the Court agrees, that the Court be closed to the public during presentation of certain portions of the evidence (e.g., the proffer or publication of any portion of any confidential financial information, or Plaintiff's NDA or Lupin Inc.'s ANDA, with the exception of the product labels).

**XVI. Settlement**

82. The parties hereby certify that they have engaged in a good faith effort to explore resolution of the controversy by settlement.

**XVII. Order to Control Course of Action**

83. This order shall control the subsequent course of the action, unless modified by the Court to prevent manifest injustice.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jeremy A. Tigan*

Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
jtigan@morrisnichols.com

OF COUNSEL:

Gerald J. Flattmann, Jr.
Andrew J. Cochran
Margaret A. Barone
CAHILL GORDON & REINDEL LLP
32 Old Slip
New York, NY 10005
(212) 701-3000

*Attorneys for Plaintiffs Galderma Laboratories, L.P. and TCD Royalty Sub LP*

October 27, 2023

PHILLIPS, MCLAUGHLIN & HALL, P.A.

*/s/ Megan C. Haney*

John C. Phillips, Jr. (#110)
Megan C. Haney (#5016)
1200 North Broom Street
Wilmington, DE 19806-4204
(302) 655-4200
jcp@pmhdelaw.com
mch@pmhdelaw.com

OF COUNSEL:

William A. Rakoczy
Joseph T. Jaros
Natasha L. White
Adrianne C. Rose
Katie A. Boda
RAKOCZY MOLINO MAZZOCHI SIWIK LLP
6 West Hubbard Street, Suite 500
Chicago, IL 60654
(312) 527-2157

*Attorneys for Defendants Lupin Inc. and Lupin Limited*

**IT IS HEREBY ORDERED** that this Final Pretrial Order shall control the subsequent course of action, unless modified by the Court to prevent manifest injustice.

DATED: ______________________

______________________________
The Honorable Stephanos Bibas
U.S. Court of Appeals for the Third Circuit