IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GALDERMA LABORATORIES, L.P. and TCD ROYALTY SUB LP, <br><br> Plaintiffs, <br><br> v. <br><br> LUPIN INC. and LUPIN LIMITED, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) C.A. No. 21-1710 (SB) |

## FINAL JUDGMENT

WHEREAS, Plaintiffs Galderma Laboratories L.P. and TCD Royalty Sub LP (collectively "Galderma") commenced this action against Defendants Lupin Inc. and Lupin Limited (collectively "Lupin"), asserting, *inter alia*, infringement of United States Patent Nos. 7,749,532 ("the '532 patent") and 8,206,740 ("the '740 patent")[1] by the products that are the subject of Lupin Inc.'s Abbreviated New Drug Application No. 216631 for Doxycycline Capsules, 40 mg ("Lupin's ANDA Product");

WHEREAS, this action came before the Court for trial from January 9-11, 2024, at which Galderma asserted only claims 1 and 16 of the '532 patent and claims 1 and 20 of the '740 patent;

WHEREAS, the Court heard testimony on behalf of Galderma and Lupin, and has considered the evidence submitted by the parties and the post-trial submissions of the parties;

WHEREAS, the Court issued a Memorandum Opinion dated March 22, 2024, rejecting Galderma's patent-infringement claim (D.I. 197) ("Memorandum Opinion"); and

---

[1] In the original Complaint dated December 3, 2021 (D.I. 1), Galderma also asserted U.S. Patent Nos. 8,394,405 ("the '405 patent"); 8,394,406 ("the '406 patent"); 8,470,364 ("the '364 patent") and 8,709,478 ("the '478 patent"). By Stipulation and Order dated May 10 and 11, 2023 (D.I. 116, 118), all claims and counterclaims regarding the '405, '406, '364 and '478 patents were dismissed without prejudice.

WHEREAS, the Court issued an Order dated March 22, 2024, (a) stating that "Galderma has not proven that Lupin's ANDA product infringes claims 1 and 16 of the Chang '532 patent" or "claims 1 and 20 of the Chang '740 patent," and (b) directing the parties to submit a proposed order entering "final judgment **FOR** Lupin and **AGAINST** Galderma on all claims" (D.I. 198):

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Court has jurisdiction over Galderma and Lupin and the subject matter of this action.

2. For the reasons set forth in the Court's Memorandum Opinion, final judgment is entered in favor of Lupin and against Galderma that the manufacture, use, offer for sale, sale or importation of Lupin's ANDA Product has not infringed, does not infringe, and would not, if marketed, infringe (literally or under the doctrine of equivalents) claims 1 and 16 of the '532 patent and claims 1 and 20 the '740 patent.

3. For the reasons set forth in the Court's Memorandum Opinion, final judgment is entered for Lupin and against Galderma on all claims and counterclaims regarding the '532 patent and the '740 patent.

4. All claims of infringement of any claims of the '532 patent or '740 patent not expressly enumerated above are dismissed with prejudice.

5. The deadline for filing any motion for attorneys' fees and costs, together with any bill of costs, including any motion that this case is exceptional under 35 U.S. C. § 285, is hereby stayed until sixty (60) days after: (a) the issuance of any mandate from any appeal taken in this action; or (b) the date after which the deadline for filing a notice in this matter has expired, whichever is later.

6.      The Court retains jurisdiction to hear and decide Plaintiffs' motion for injunction pursuant to Federal Rule of Civil Procedure 62(d) and 35 U.S.C. § 283 and for temporary restraining order, pursuant to Federal Rule of Civil Procedure 65(b).

7.      This is a final, appealable judgment.

IT IS SO ORDERED, on this ___1st___ day of _____April_____, 2024.

_____
The Honorable Stephanos Bibas
Third Circuit Court of Appeals,
Sitting by Designation